UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
UNITED STATES OF AMERICA       )
                               )
     v.                        )     CR No. 05-073 S
                               )
VIRGILIO JIMENEZ.              )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Virgilio Jimenez has filed a motion to amend judgment pursuant to Fed. R. Crim. P. 36. For the reasons that follow, that motion is denied.

I. Background

Jimenez pled guilty to one-count of possessing five grams or more of cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The sentencing court found, in accordance with the recommendation in the Presentence Report (PSR), that Jimenez was a career offender and sentenced him to 292 months imprisonment, followed by eight years of supervised release. (Sent. Tr. 22-23, Mar. 23, 2006.)[1] Jimenez's conviction and sentence were affirmed on appeal. United States v. Jimenez, 512 F.3d 1 (1st Cir. 2007). Jimenez

---

[1] All pretrial, plea and sentencing proceedings were conducted before Judge Ernest C. Torres of this Court.

1

subsequently filed a motion to vacate pursuant to 28 U.S.C. § 2255. This Court denied that motion. See generally United States v. Jimenez, No. CR 05-73 S, 2010 WL 5092808 (D.R.I. Dec. 7, 2010).

Jimenez then filed the instant motion to amend judgment, seeking to reduce or set aside his sentence. Jimenez asserts that one of his prior drug offenses was insufficiently documented at sentencing and thus should not have been counted towards his career offender calculation.

II. Discussion

The instant motion fails on a number of fronts. First, because the motion challenges Jimenez's sentence, it constitutes a second or successive § 2255 motion to vacate. See Trenkler V. United States, 536 F.3d 85, 97 (1st Cir. 2008) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover." (quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original))).[2]

---

[2] Although the motion purports to be brought pursuant to Fed. R. Crim. P. 36, that rule provides no authorization for the relief Jimenez seeks here, as it merely authorizes the court to correct a clerical error in the judgment.

As such, Jimenez must "obtain from 'the appropriate court of appeals . . . an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A) (as incorporated in 28 U.S.C. § 2255[h])." Munoz v. United States, 331 F.3d 151, 153 (1st Cir. 2003). There is nothing in the record to reflect that Jimenez has done so.[3] Absent such authorization, this Court is without jurisdiction to consider the motion. See id.; Trenkler, 536 F.3d at 98.

Second, even if the instant claim were properly brought, it is procedurally barred because Jimenez unsuccessfully raised the same challenge to these predicate offenses as part of his direct appeal. See Jimenez, 512 F.3d at 5-7 (rejecting claim that predicate offenses were not adequately substantiated and finding all other claims regarding predicate offenses to be waived). Thus, Jimenez cannot raise this claim here. See Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) ("issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion") (internal citation omitted); Argencourt v. United States, 78 F.3d 14, 16 n.1 (1st Cir. 1996) (same).

---

[3] This Court notes that the First Circuit has previously denied Jimenez permission to file a second § 2255 motion, albeit one based on different grounds. See Jimenez v. United States, No. 11-1031, slip op. (1st Cir. Jan. 25, 2011).

Finally, as the Court of Appeals has already noted, Jimenez's claim fails on its merits, as Jimenez made no objection to the predicate offenses either in his response to the PSR or at sentencing. See Jimenez, 512 F.3d at 7 ("Where, as here, the characterization of an offense contained in a presentence report is not disputed before the sentencing court, the report itself is competent evidence of the fact stated and, thus, is sufficient proof of that fact.").

This Court has considered all of Jimenez's remaining arguments and finds them to be without merit.

III. Conclusion

For the foregoing reasons, Jimenez's motion to amend judgment is hereby DENIED.[4]

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts -- to the extent that provision is applicable here -- this Court hereby

---

[4] This Court is cognizant that the instant matter may alternatively be transferred to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3) for possible authorization as a second and successive § 2255 motion. See United States v. Barrett, 178 F.3d 34, 41 n.1 (1st Cir. 1999) (noting that while several circuits require transfer in such situations, the First Circuit has yet to implement such a blanket mandate). Here, the Court finds that dismissal of the instant motion is warranted, as its procedural and substantive flaws (discussed above) constitute a clear violation of AEDPA requirements for postconviction filings.

4

finds that this case is not appropriate for the issuance of a certificate of appealability (COA), because Jimenez has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Jimenez is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing Section 2255 Proceedings.


IT IS SO ORDERED.


/s/ *William E. Smith*
William E. Smith
United States District Judge
Date: October 31, 2011